UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RASHEEM MAJOR,   Case No. 20-cv-11626

        Petitioner,   Stephanie Dawkins Davis
v.   United States District Judge

ROBERT HUDGINS,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING THE HABEAS CORPUS PETITION WITHOUT PREJUDICE, DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*, AND DENYING PETITIONER'S MOTION [ECF NO. 5] AS MOOT</u>**

This matter has come before the Court on petitioner Rasheem Major's *pro se* habeas corpus petition under 28 U.S.C. § 2241. Petitioner initially filed his habeas petition in the United States District Court for the Northern District of West Virginia. *See* Pet., ECF No. 1. On June 17, 2020, United States District Judge John Preston Bailey transferred the case to this district. *See* Order Transferring Pet., ECF No. 3. Petitioner additionally filed a Motion on his habeas petition on August 25, 2020. (ECF No. 5). The Motion essentially restates the same arguments previously raised in Major's petition regarding the validity of his conviction, which this Court considered in its determination of his habeas petition.

Petitioner is challenging his federal conviction and sentence. The proper mechanism for such challenges is a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and Petitioner has not shown that § 2255 is an inadequate or ineffective remedy for challenging his conviction and sentence. Accordingly, the Court will dismiss the petition and dismiss the August 25, 2020 Motion as moot.

## I. BACKGROUND

Petitioner alleges in his petition that he pleaded guilty to Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), and was sentenced on August 30, 2013, to seventy-two months in prison. *See* Pet., ECF No. 1, PageID.2. Petitioner further alleges that he did not appeal his conviction, nor pursue any post-conviction remedies. *See id.*, PageID.3. The sole ground for relief in the habeas petition is that, due to a recent Supreme Court decision, Petitioner's sentence and conviction are no longer valid. *See id.*, PageID.5. Petitioner wants the Court to vacate his conviction and sentence expeditiously. *See id.,* PageID.8.

In a supplemental pleading, Petitioner raises three additional claims. First, Petitioner challenges his conviction on the basis that the prosecution failed to prove he possessed a weapon. He appears to argue that the gun in question was found in the grass, some distance away from where he was apprehended, and that

the prosecution failed to establish that it was his weapon. *See* Supplement, ECF No.2, PageID.12.

In his second supplemental claim, Petitioner alleges that the weapon was never fingerprinted. *See id*. In his third and final supplemental claim, Petitioner once again alleges that the prosecution never proved possession. Petitioner alleges that he was walking with another person when the police pulled up and said that they had a weapon. He was "secured," and the police allegedly failed to investigate or use proper procedures. *See id*., PageID.13.

## II. DISCUSSION

As noted above, the primary mechanism for challenging the lawfulness of a federal sentence is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). The United States Court of Appeals for the Sixth Circuit affirmed this principle in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), stating that "[a] challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." *Id*. at 594. A federal prisoner's challenge to his convictions or the imposition of a sentence must be filed in the sentencing court under 28 U.S.C. § 2255, whereas claims challenging the execution or manner in

which a sentence is served must be filed under 28 U.S.C. § 2241 in the court having jurisdiction over the prisoner's custodian. *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999).

Petitioner's grounds for relief challenge his federal conviction, as opposed to the execution or manner in which he is serving his sentence. As such, the proper remedy for his claims is a motion to vacate, set aside, or correct his sentence under § 2255.

A.  The Savings Clause

Petitioner invokes the "savings clause" of 28 U.S.C. § 2255 as a basis for filing his habeas petition under § 2241. *See* Pet., ECF No. 1, PageID.5.[1] Under that clause, a federal prisoner may challenge his conviction or the imposition of sentence under §2241 "if it appears that the remedy afforded under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Charles*, 180 F.3d at 756 (quoting § 2255(e)). Stated differently, "[a] habeas petition by a federal

---

[1] Section 2255(e) reads:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). The italicized phrase is known as the "savings clause."

prisoner is barred 'unless . . . the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019) (quoting § 2255(e)).

"The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255," *Charles*, 180 F.3d at 758, and "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow." *Peterman*, 249 F.3d at 461. The remedy under "§ 2255 is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion." *Hill*, 836 F.3d at 594 (citing *Charles*, 180 F.3d at 756). The petitioner, moreover, carries the burden of establishing that the "savings clause" applies to his petition. *Id*.

B. Actual Innocence

One way that a prisoner can satisfy the "savings clause" of § 2255(e) and test the legality of his detention under § 2241 is by showing that he is actually innocent. *Id*. (citing *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012)). But the Supreme Court has stated "that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner pleaded guilty to the crime for which he is incarcerated, and in documents which he filed in the West Virginia federal court, he merely challenged

5

the legal sufficiency of his conviction. His argument was based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), wherein the Supreme Court concluded that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id*. at 2200. According to Petitioner, the Government was required to show that he knew he possessed a firearm and that he knew he had the relevant status when he possessed the weapon.[2] *See* Order Transferring Pet., ECF No. 3, PageID.17.

The Sixth Circuit Court of Appeals has stated that, when

> a petitioner asserts factual innocence of his crime of conviction due to a change of law, he may show that his remedy under § 2255 is inadequate or ineffective by satisfying four conditions: (1) "the existence of a new interpretation of statutory law," (2) "issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions," (3) that is retroactive, and (4) applies to the petition's merits such that it is "more likely than not that no reasonable juror would have convicted" the petitioner.

*Hill*, 836 F.3d at 594–95 (quoting *Wooten*, 677 F.3d at 307-08).

*Rehaif* is a new interpretation of statutory law, and it was issued after Petitioner had a meaningful time to incorporate the new interpretation into a direct

---

[2] Petitioner restates his *Rehaif* arguments in the Motion that he filed on August 25, 2020. (ECF No. 5).

6

appeal or subsequent motion. However, it has not been made retroactive to cases on collateral review. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019).

Additionally, Petitioner has not shown that no reasonable trier of fact would have convicted him under the holding in *Rehaif*. According to the Presentence Investigation Report (PIR), Petitioner

> was walking down the street in Detroit armed with a loaded .32 caliber handgun. He spotted several Detroit Police Officers and immediately began to run. After a brief chase, [he] pulled the handgun from his pocket and threw it to the ground. Officers placed [him] under arrest and retrieved the handgun.

Sentencing Memorandum, *United States v. Major*, No. 2:13-cr-20313, ECF No. 15, PageID. 50-51 (E.D. Mich. Aug. 21, 2013) (citing PIR ¶ 10).

Petitioner clearly was aware that he possessed a firearm, and the evidence supports the conclusion that he knew he belonged to a category of persons barred from possessing a firearm, because he discarded the gun upon seeing the police and then fled from the officers. Furthermore, he committed the firearm offense for which he is incarcerated

> just a few months after being placed on parole for two separate crimes of violence. *See* PIR ¶¶ 28-29. In the first crime, which the defendant committed on September 20, 2006, he and a co-conspirator robbed someone at gunpoint. See PIR ¶ 29. In the second crime, which the defendant committed on October 19, 2006, he approached someone and demanded money; when the victim could produce only $4.00—which he asked the defendant not to take—the defendant shot him in the leg.

7

*Id.*, PageID.53. Petitioner has failed to show that he is actually innocent under *Rehaif* and the actual-innocence standard set forth in *Hill*.

C. Sentencing Enhancement

In *Hill*, the Sixth Circuit considered another basis for testing the legality of detention using the savings clause of § 2255. The Sixth Circuit held that federal prisoners may invoke the savings clause to challenge the misapplication of a sentence enhancement. *See Hill*, 836 F.3d at 595. The Sixth Circuit limited its decision to a "narrow subset" of petitions under § 2241. *Id*. at 599. The prisoner must show that: (1) he or she was "sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005);" (2) he or she is "foreclosed from filing a successive petition under § 2255;" and (3) "a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Id*. at 599-600.

Petitioner was not sentenced as a career offender, and he was sentenced in 2013, which was *after* the Supreme Court issued its decision in *Booker*. Thus, the rule applying the savings clause of § 2255 to career offenders, as set forth in *Hill*, does not apply to this case.

III. **CONCLUSION**

Petitioner has failed to carry his burden of showing that § 2255 is an inadequate or ineffective remedy for challenging his federal conviction and sentence. Judge Bailey reached a similar conclusion in his order transferring Petitioner's case to this district. *See* Order Transferring Pet., ECF No. 3, PageID.19 (stating that, "[b]ecause petitioner attacks the validity of his conviction and fails to establish that he meets the [*In re*] *Jones,* [226 F.3d 328 (4th Cir. 2000)] requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241").

Even if § 2255 were an inadequate or ineffective remedy to test the legality of Petitioner's detention, he admitted in his plea agreement in 2013 that he knowingly possessed a .32 caliber handgun and six live rounds of ammunition on the date of the crime.[3] He also acknowledged in the plea agreement that he had previously been convicted of a felony. *See supra*, n. 2.

Petitioner did not say in the plea agreement that, at the time of the offense he knew he belonged to a category of persons barred from possessing a firearm. But

---

[3] The factual basis for Petitioner's guilty plea reads as follows:

> On March 29, 2013, in Detroit, Michigan, which is in the Eastern District of Michigan, Defendant knowingly possessed a Savage Arms, .32 caliber handgun, as well as six live rounds of ammunition. The handgun previously had traveled in interstate commerce and Defendant previously had been convicted of a felony.

Rule 11 Plea Agreement, *United States v. Major*, No. 2:13-cr-20313, ECF No. 14, PageID.28 (E.D. Mich. May 28, 2013).

a defendant's knowledge of his status can be inferred from circumstantial evidence. *See Rehaif*, 139 S. Ct. at 2198 (doubting "that the obligation to prove a defendant's knowledge of his status will be as burdensome as the Government suggests" and quoting *Staples v. United States*, 511 U.S. 600, 615, n. 11 (1994), for the principle that "knowledge can be inferred from circumstantial evidence"); *see also Liparota v. United States*, 471 U.S. 419, 434 (1985) (stating that, "as in any other criminal prosecution requiring *mens rea,* the Government may prove by reference to facts and circumstances surrounding the case that petitioner knew that his conduct was unauthorized or illegal"); *United States v. Raymore*, --- F.3d ---, No. 19-3703, 2020 WL 3956861, at *6 (6th Cir. July 13, 2020) (stating that a jury may infer the *mens rea* element from circumstantial evidence).

Petitioner's acknowledgment in his plea agreement that he previously was convicted of a felony is strongly suggestive that he knew of his status for purposes of a § 922(g)(1) violation. *See Raymore*, 2020 WL 3956861, at *7 (stating that "a jury could infer from Raymore's stipulation to his prior felony conviction the requisite knowledge of his status for a § 922(g)(1) violation" and citing *United States v. Conley*, 802 Fed. Appx. 919, 923 (6th Cir. 2020), for the principle that, although "a stipulation to a prior felony 'does not automatically establish knowledge of felony status, it is strongly suggestive of it'"). Thus, it is not

10

plausible that Petitioner did not know he belonged to a category of persons disqualified from possessing a firearm.

## IV. ORDER

Based on the foregoing analysis, the Court summarily **DISMISSES** the petition without prejudice and denies petitioner's motion (ECF No. 5) as moot. The Court also denies leave to appeal this decision *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: September 25, 2020

                                                s/Stephanie Dawkins Davis
                                                HON. STEPHANIE DAWKINS DAVIS
                                                United States District Court Judge